**ADARAND CONSTRUCTORS, INC., Plaintiff,**

v.

**Roy ROMER, Governor of the State of Colorado, Guillermo Vidal, Director of the Department of Transportation, and Colorado Department of Transportation, and the State of Colorado, Defendants,**

**United States of America and The Department of Transportation, Application for Intervention as Party Defendants.**

**Civil Action No. 97–K–1351.**

United States District Court, D. Colorado.

July 15, 1997.

J. Scott Detamore, Todd S. Welch, William Perry Pendley, Mountain States Legal Foundation, Denver, CO, for Plaintiff.

Harry Morrow, Garth Lucero, Richard Westfall, Office of Attorney General, Denver, CO, for Defendants.

Stephen D. Taylor, Asst. U.S. Atty., Denver, CO, Marybeth Martin, Charles E. Leggott, Employment Litigation Section, Civil Rights Div., U.S. Dept. of Justice, Washington, DC, for Intervention Party Defendants.

## ORDER ON MOTION FOR INTERVENTION

KANE, Senior District Judge.

On June 26, 1997, Adarand Constructors, Inc. ("Adarand") filed a Complaint for Declaratory and Injunctive Relief against Roy Romer, Governor of the State of Colorado, Guillermo Vidal, Director of the Colorado Department of Transportation, Colorado Department of Transportation, and the State of Colorado. Before me is the United States of America's and United States Department of Transportation's Motion for Intervention. Adarand opposes the motion and seeks attorney fees under 42 U.S.C. § 1988 and the Equal Access to Justice Act. I deny the motion. I grant Adarand's request for attorney fees.

### I. *Background.*

In this case, Adarand seeks a declaration that the following are unconstitutional in that they violate its rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution: (1) the Defendants' continued policy and practice of preferring disadvantaged business enterprise

(DBE) certified firms, or any other persons or businesses based on their race or national origin, in highway construction, re-construction, maintenance or repair in the State of Colorado; (2) the Defendants' use of any federal funds appropriated pursuant to the Intermodal Surface Transportation Efficiency Act of 1991, Pub.L. No. 102–240, 105 Stat. 1914 (1991) ("ISTEA") in any way in which race or national origin is taken into consideration; and (3) any race-conscious policies in highway construction, re-construction, maintenance or repair in the State of Colorado.

In addition, Adarand seeks permanently to enjoin the Defendants from (1) preferring DBE certified firms, or any other persons or businesses based on their race or national origin in highway construction, re-construction, maintenance or repair in the State of Colorado; (2) using any federal funds appropriated under or pursuant to ISTEA in any way in which race or national origin is taken into consideration; (3) utilizing race-conscious policies in the highway construction, re-construction, maintenance or repair in the State of Colorado.

## II. *Motion for Intervention.*

The United States seeks intervention of right pursuant to Federal Rules of Civil Procedure 24(a)(1). The United States Department of Transportation ("DOT") seeks intervention of right pursuant to Rule 24(a)(2) or, in the alternative, permissive intervention pursuant to Rule 24(b)(2).

### A. *Intervention of Right by the United States under Rule 24(a)(1).*

■ The Federal Rules of Civil Procedure pertinently provide:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene ...

Fed.R.Civ.P. 24(a).

The United States maintains Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h–2, confers upon it such unconditional right to intervene. Title IX provides:

Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h–2.

The United States attaches a copy of the Attorney General's certificate and maintains its application for intervention is timely. The government asserts it will be harmed if it is not permitted to intervene since the complaint and motion for a preliminary injunction both threaten the use of federal funds by the Colorado Department of Transportation ("CDOT"), and the DBE requirements placed on those funds by DOT and Congress. Further, it states, if intervention is denied, the fate of these federal programs and dollars may be ruled upon without affording the federal government the opportunity to defend them.

The United States' reliance on Title IX is fatuous. It cites no authority, nor is there any, for intervention of right as a defendant pursuant to Title IX. That statute clearly envisages intervention by the United States as a plaintiff in a suit where a person alleges a denial of equal protection of the laws. It states as much in declaring that "the United States shall be entitled to the same relief as if it had instituted the action." *Id.* Title IX, as applied here, would allow the United States to intervene as a plaintiff, alongside Adarand, and to obtain relief as if it, rather than Adarand, had instituted the action. This is clearly not the government's intention.

Equally fallacious is the United States' assertion that if intervention is denied, the fate of the federal programs at issue may be ruled upon without affording the federal government the opportunity to defend them. These federal programs have been the subject of prolonged litigation in this court, the Tenth Circuit Court of Appeals, the United

States Supreme Court and, upon remand, once again in this court, in the case of *Adarand Constructors, Inc. v. Peña*, Civil Action No. 90–K–1413. There, the federal defendants have been represented throughout by the United States Attorney's Office Civil Division and the United States Department of Justice Civil Rights Division who have strenuously argued the very issues concerning the federal programs which the United States now seeks to revisit.

For these reasons, I deny the United States' motion for intervention pursuant to Rule 24(a)(1).

### B. *Intervention of Right by DOT under Rule 24(a)(2).*

■ Rule 24(a) pertinently provides:

Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a).

DOT maintains it has two interests that will be affected by this case. First, DOT is the agency charged by Congress with administering funds to ensure the well-being of the nation's highway system which gives it an interest in this litigation because it threatens its construction programs in Colorado. DOT states Adarand is challenging the conditions that DOT places on its funds, i.e. the requirement that recipients have an approved DBE program and if Adarand is successful, CDOT will not be able to fulfill the DOT conditions for receiving federal funding.

Second, DOT asserts, Congress has mandated that a percentage of DOT's funds be spent with DBEs. When Colorado lets contracts that use federal funds, it requires that the bidders agree to certain DBE requirements and attempts to make sure that DBE participation on each contract meets an aspirational goal. DOT argues, if Adarand succeeds in challenging Colorado's implementation of the federal program, it will effectively stop the federal program in Colorado. Further, DOT maintains while CDOT will defend the use of its DBE program on state and locally funded contracts, it is DOT that requires Colorado to establish a DBE program and DOT therefore should be present to participate in the defense of the federal-aid program.

As stated above, the interests which DOT maintains will be affected by this case, concerning the federal programs and their funding, have been the subject of lengthy litigation in *Adarand Constructors, Inc. v. Peña*, Civil Action No. 90–K–1413, in which the Secretary of the Department of Transportation is a Defendant. DOT flagrantly ignores the recent ruling in that case that " § 106(c) of [the Surface Transportation and Uniform Relocation Assistance Act of 1987,] STU-RAA, § 1003(b) of ISTEA, § 8(d) of the [Small Business Act,] SBA (15 U.S.C. § 637(d)) and 15 U.S.C. § 644(g), the regulations promulgated thereunder, and the subcontracting compensation clause program arising pursuant to those statutes and regulations, are unconstitutional as applied to highway construction in the State of Colorado and thus deprive Adarand Constructors, Inc. of its constitutional rights" and enjoining the defendants in that case (including the Secretary of the Department of Transportation) "from administering, enforcing, soliciting bids for, or allocating any funds under the said subcontracting compensation programs." See *Adarand Constructors, Inc. v. Peña*, 965 F.Supp. 1556, 1584 (D.Colo.1997).

Seemingly, DOT wishes to relitigate these issues by intervening in this case. Such relitigation, if not barred on the grounds of res judicata or estoppel, would endlessly complicate and prolong the adjudication of the rights of the existing parties to this action.

■ Further, DOT has not made the requisite showing that its interest in this action is not adequately represented by the existing parties. See *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. United States Dep't of Interior*, 100 F.3d 837, 844 (10th Cir.1996). " 'An

applicant may fulfill this burden by showing collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed in fulfilling his duty to represent the applicant's interest.'" *Id.* at 844–45 (quoting *Sanguine, Ltd. v. United States Dep't of Interior,* 736 F.2d 1416, 1419 (10th Cir.1984)). A presumption of adequacy of representation arises where the applicant for intervention and an existing party have the same ultimate objective. *Id* at 845. DOT has neither met nor fulfilled this burden.

For the aforesaid reasons, I deny DOT's motion for intervention pursuant to Rule 24(a)(2).

### C. *Permissive Intervention by DOT under Rule 24(b)(2).*

 Rule 24(b) pertinently provides:

Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b).

DOT seeks permissive intervention on the grounds that Adarand has relied on ISTEA, a federal statute, in its claims. Further, DOT anticipates CDOT will rely upon its agreements with DOT as a defense in this case.

As already stated, the issues which DOT seeks to relitigate through intervention have already been adjudicated in *Adarand Constructors, Inc. v. Peña,* Civil Action No. 90–K–1413, to which the Secretary of DOT is a party. Such intervention would therefore needlessly delay and prejudice the adjudication of the rights of the original parties to this action, cause them to incur additional expense, and waste judicial resources. Accordingly, permissive intervention is inappropriate.

### III. *Conclusion.*

For the aforesaid reasons the United States of America's and the United States Department of Transportation's Motion for Intervention is DENIED. Adarand's request for attorney fees pursuant to 42 U.S.C. § 1988 and the Equal Access to Justice Act is GRANTED. It shall file an itemized affidavit and application on or before July 24, 1997. The United States of America and the Department of Transportation shall have until August 5, 1997 to file a response and counter affidavits.